**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ANTHONY E. SONNETT, SB# 163182
  E-Mail: Anthony.Sonnett@lewisbrisbois.com
JORDAN R. FISHER, SB# 331733
  E-Mail: Jordan.Fisher@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant
MACK TRUCKS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TERESA MOORE, an individual; and AMAZING TRANSPORTATION INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>MACK TRUCKS, INC.; and DOES 1 through 10, inclusive.<br><br>Defendants. | Case No.<br>Lower Case No. 24NNCV01529<br><br>**DEFENDANT MACK TRUCK, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>Action Filed:    May 10, 2024 |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**YOU ARE HEREBY NOTIFIED** that Defendant Mack Trucks, Inc. ("Defendant" or "Mack Trucks"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on the complete diversity of citizenship of the parties, hereby removes this action previously pending in the Superior Court of the State of California for the County of Los Angeles, North Central District, as Case No. 24NNCV01529, to the United States' District Court for the Central District of California, Western Division. As will be explained in detail *infra*, Plaintiffs are California citizens seeking damages that include statutory restitution for the amounts payable for a Mack Truck commercial vehicle purchased for $123,085.60; the Defendant, a medium and heavy

duty truck manufacturer, is a Pennsylvania corporation with its principal place of business in North Carolina.

## I. COMMENCEMENT OF THE REMOVED ACTION

1. On May 10, 2024, Plaintiffs Teresa Moore and Amazing Transportation, Inc. (together, "Plaintiffs") filed this action in the Superior Court of California, County of Los Angeles, North Central District, thereafter assigned Case No. 24NNCV01529. Service of the Summons and Complaint was completed on Defendant Mack Trucks, Inc. on May 15, 2024. A true and correct copy of the Summons and Complaint ("Complaint") is attached hereto as Exhibit A.

2. Plaintiffs assert five (5) actions all under the Song-Beverly Consumer Warranty Act ("Song-Beverly" or "Act") in connection with a 2023 Mack MD642 commercial truck, Vehicle Identification Number ("VIN") 1M2MDBAA0PS007680, purchased on May 31, 2022 ("Subject Mack Truck"). (*See Complaint*, ¶ 5, p.2, attached as Exhibit A to Declaration of Jordan R. Fisher ("*Fisher Decl.*"), ¶ 3.) Plaintiffs principally seek the statutory remedy of restitution for the price payable for the Subject Mack Truck. (*See Complaint*, ¶¶ 20-22, 27, pp.4-5.) However, the Complaint is silent on the contract price, or any amount of damages for that matter. (*Fisher Decl.*, ¶ 4.)

3. On June 8, 2024, Defendant, by and through its counsel, first became aware of the amount put in controversy upon receiving a copy of the purchase order sale contract from the seller. (*Fisher Decl.*, ¶¶ 5-6.)

## II. AHM HAS SATISFIED PROCEDURAL REQUIREMENTS FOR REMOVAL

4. Generally, a notice of removal shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading. (See 28 U.S.C. § 1446(b).) Under 28 U.S.C. §1446(b)(1), "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be

ascertained that the case is one which is or has become removable." (*Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013), citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005).) "[E]ven if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation . . ." (*Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013); *see also Kenny v. Wal–Mart Stores, Inc.*, 881 F.3d 786 (9th Cir. 2018); *Garcia v. General Motors LLC*, No. 8:18-cv-01893-JLS-KES, 2019 WL 247227, at *3 (C.D. Cal. Jan. 17, 2019).)

5. Plaintiffs served their initial pleading—the Complaint—on May 15, 2024. (*Fisher Decl.*, ¶ 3.) The Complaint did not reveal whether the amount in controversy meets or exceeds the amount in controversy threshold, nor did it indicate any demand for a specific amount. (*Id.* at ¶ 4.)

6. Defendant first learned of the amount placed in controversy on June 8, 2024, after it received a copy of the purchase order sale contract for the Subject Mack Truck from its seller, TEC of California, Inc., doing business as TEC Equipment in Fontana, California ("TEC Equipment"). (*Fisher Decl.*, ¶ 5; *see* **Exhibit A** to the Declaration of Darwin Falter (*Darwin Decl.*), ¶ 2.) The Subject Mack Truck was purchased by Plaintiff Amazing Transportation, Inc., on May 31, 2022, from TEC Equipment. (*Darwin Decl.*, ¶¶ 2, 5-6; *cf. Complaint*, ¶5, p.2 ["On or about May 31, 2022, in exchange for valuable consideration, Plaintiffs purchased a 2023 Mack MD642 (hereinafter 'Vehicle'), manufactured and/or distributed by Defendant…"].)

7. Defendant Mack Trucks files this Notice of Removal on July 8, 2024, or within 30 days after discovering that the amount in controversy necessarily reaches the minimum threshold (28 U.S.C. § 1446(b)(1)); and, therefore, this Notice of Removal is timely. (*Fisher Decl.*, ¶¶ 5-6.)

8. Concurrent with the filing of this Notice, Defendant is serving this Notice of Removal upon all parties and filing a copy with the Clerk of the Superior Court of California, County of Los Angeles, pursuant to 28 U.S.C. § 1446(d).

9. Removal to the United States District Court for the Central District of California is proper because the state action was filed in the Superior Court of the State of California, County of Los Angeles. Accordingly, this Court is the proper venue for filing this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

10. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Mack Trucks, Inc.'s right to assert defenses; including, without limitation, defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), (viii) the right to arbitrate this controversy, or (ix) any other procedural or substantive defense available under state or federal law.

## III. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.

11. At all times relevant, Plaintiffs were and are citizens of the state of California. (*See Complaint*, ¶¶ 1-2, p.2, attached to *Fisher Decl.*, ¶¶ 3, 7.) Specifically, Plaintiff Amazing Transportation, Inc., is a corporation duly organized and existing under the laws of the state of California with its principal place of business located at 8323 S. Vermont Avenue, Los Angeles, California 90016. (*See* Amazing Transportation, Inc.'s Secretary of State filing, attached as **Exhibit B** to *Fisher Decl.*, ¶ 8.) In fact, Plaintiff Teresa Moore is an officer of Amazing Transportation, Inc. (*Id.*) Judicial notice of these facts is proper. (*See* Fed. R. Evid. 201(b)(2) [judicial notice is properly taken of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."].)

12. In *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), the United States Supreme Court eliminated any uncertainty as to the meaning of "principal place of business;" the principal place of business is the "nerve center" where the company's high level officers direct, control and coordinate the company's activities. (*See Id.* at 1184-1185.)

13. At all times relevant, including at the time Plaintiffs' filed their

Complaint and at the time of filing this Notice of Removal, Defendant Mack Trucks' principal place of business was and is in North Carolina—not in California. (*See* Mack Trucks, Inc.'s Secretary of State filing, attached as **Exhibit C** to *Fisher Decl.*, ¶10.) Defendant's top officers direct, control, and coordinate Mack Trucks, Inc.'s operations from Greensboro, North Carolina. (*Id.*, ¶¶ 9-10)  Therefore, for purposes of diversity jurisdiction, Defendant Mack Trucks is a citizen of North Carolina. (*Ibid.*)

### IV.   THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

14.   The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.  The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" (*Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015), quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).)  "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." (*Dart*, 135 S. Ct. at 553.)

15.   Mack Trucks disputes that it is liable for any damages whatsoever to Plaintiffs. Nevertheless, Mack Trucks can demonstrate that the amount placed in controversy by Plaintiffs is well-in-excess of $75,000 under the "preponderance of the evidence" standard. (*See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).)  The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. (*Id.*)

16.   Plaintiffs seek to cancel the sale and recover the full gamut of Song-Beverly remedies, "including the entire purchase price" of the Subject Mack Truck. (*Complaint*, ¶ 27, p.5; *Fisher Decl*, ¶ 11.)  This includes statutory restitution for the Subject Mack Truck in accordance with section 1793.2(d)(2) of the Song-Beverly Act. (*Complaint*, ¶¶ 20-22, p.4;  see also, *Id.*, prayer, p.8.)

17.   The Subject Mack Truck was sold for a total price of $123,085.60.  (See

Exhibit A attached to *Darwin Decl.*, ¶ 6.)  The sale of the Subject Mack Truck was memorialized in the purchase order sale contract dated May 31, 2022, executed by and in the name of Plaintiff Amazing Transportation, Inc. (*See Id.,* ¶ 5;  *cf.* Complaint, ¶5, p.2 [asserting the purchase occurred "[o]n or about May 31, 2022"].)

18. Consistent with Congress' intent that parties may amend allegations of jurisdiction if they are questioned, *see* 28 U.S.C. § 1653, this Court should not *sua sponte* remand this action. (*See Shockley v. Jones*, 823 F.2d 1068, 1072–73 (7th Cir. 1987) ["This court has noted that *sua sponte* dismissals without prior notice or opportunity to be heard are 'hazardous' …. A dismissal under Rule 12(b)(1) without notice or a hearing is similarly suspect"].)  Thus, if any question arises as to the propriety of this removal, Defendant requests the opportunity to amend its notice of removal following any necessary discovery, briefing, and oral argument.

DATED: July 8, 2024          LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
ANTHONY E. SONNETT
JORDAN R. FISHER
Attorneys for Defendant
AMERICAN HONDA MOTOR CO., INC.

# FEDERAL COURT PROOF OF SERVICE
Teresa Moore, et al. v. Mack Trucks, Inc.
Case No.

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 8, 2024, I served the following document(s): **DEFENDANT MACK TRUCK, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Eleazar D. Kim, Esq.<br>Matt Xie, Esq.<br>DOWNTOWN L.A. LAW GROUP<br>910 South Broadway<br>Los Angeles, CA 90015<br>Tel:   213-358-6428<br>Fax:   877-389-2775<br>eleazar@downtownlalaw.com<br>matt@downtownlalaw.com<br>servicewarranty@downtownlalaw.com | *Attorneys for Plaintiffs TERESA MOORE, an individual; and AMAZING TRANSPORTATION INC., a California corporation* |

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 8, 2024, at Los Angeles, California.

  /s/ Samantha Cox
  SAMANTHA COX

1424177718.1

DEFENDANT MACK TRUCKS, INC.'S NOTICE OF INTERESTED PARTIES