**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.  **CV 24-5721-JFW(PDx)** | Date:  October 3, 2024 |

Title:     Teresa Moore, et al. *-v-* Mack Trucks, Inc.

---

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly**<br>**Courtroom Deputy** | **None Present**<br>**Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

| | |
|---|---|
| **PROCEEDINGS (IN CHAMBERS):** | **ORDER GRANTING PLAINTIFF'S COMBINED MOTION FOR LEAVE TO AMEND AND MOTION TO REMAND TO LOS ANGELES COUNTY SUPERIOR COURT [filed 8/21/24; Docket No. 23]; and**<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT MACK TRUCK, INC.'S MOTION TO DISMISS UNDER RULE 12(c) [filed 8/26/24; Docket No. 26]** |

     On August 21, 2024, Plaintiffs Teresa Moore ("Moore") and Amazing Transportation Inc. ("Amazing Transportation") (collectively, "Plaintiffs") filed a Combined Motion for Leave to Amend and Motion to Remand to Los Angeles County Superior Court.  On September 3, 2024, Defendant Mack Trucks, Inc. ("Mack Trucks") filed its Opposition.  Plaintiffs did not file a Reply.  On August 26, 2024, Mack Trucks filed a Motion to Dismiss Under Rule 12(c) ("Motion to Dismiss").  On September 9, 2024, Plaintiffs filed their Opposition.[1]  On September 9 and 11, 2024, Mack Trucks filed Replies.[2]  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found these matters appropriate for submission on the papers without oral argument.  The matters were, therefore, removed from the Court's September 23, 2024, hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

---

     [1]  Plaintiffs' late-filed Opposition will be considered by the Court.

     [2]  Mack Trucks timely filed a Reply on September 9, 2024.  Because Plaintiffs failed to timely file their Opposition, Mack Trucks filed an additional Reply on September 9, 2024, which will be considered by the Court.

Initials of Deputy Clerk   sr

**I.      Factual and Procedural Background**

On May 31, 2022, Plaintiffs purchased a 2023 Mack MD642 truck (the "Vehicle") from TEC of California, Inc., a/k/a TEC Equipment ("TEC Equipment").  Plaintiffs allege that the warranty they received from Mack Trucks expressly provides that if a defect is discovered during the warranty period, Plaintiffs could deliver the Vehicle to a repair shop, including TEC Equipment where Jason Anderson ("Anderson") was a service manager, and the Vehicle would be repaired.

Plaintiffs also allege that during the warranty period, the Vehicle had the following defects: a defective body system, a defective powertrain system, a defective safety system, a defective electrical system, a defective braking system, and a defective noise system, and that these defects substantially impaired the use, value, and/or safety of the Vehicle. In addition, Plaintiffs allege that after having a reasonable number of opportunities to repair the Vehicle, Mack Trucks was unable to do so, and Mack Trucks has failed to promptly replace the Vehicle or otherwise make restitution to Plaintiffs.  Finally, Plaintiffs allege that Anderson has breached the duty of care owed to them by negligently failing to repair the Vehicle despite having had the opportunity to do so.

On May 10, 2024, Plaintiffs filed a Complaint against Mack Trucks in Los Angeles County Superior Court, alleging causes of action for: (1) violation of California Civil Code § 1793.2(d); (2) violation of California Civil Code § 1793.2(b); (3) violation of California Civil Code § 1793.2(a)(3); (4) breach of the express written warranty under California Civil Code §§ 1791.2(a) and 1794; and (5) breach of the implied warranty of merchantability under California Civil Code §§ 1791.1, and 1794.

On July 8, 2024, Mack Trucks filed a Notice of Removal, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

**II.      Legal Standard**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Court's decision to deny or permit joinder is discretionary. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir.1998).

In considering whether to permit joinder, the Court considers the following factors: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; (5) whether the claim against the new party seems valid; (6) the possible prejudice that may result to any of the parties in the litigation; (7) the closeness of the relationship between the new and the old parties; (8) the effect of an amendment on the court's jurisdiction; and (9) the new party's notice of the pending action.  *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015).  "A court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder." *Negrete v. Meadowbrook Meat Co.*, 2012 WL 254039 at *3 (C.D. Cal. Jan. 25, 2012).

III.     Discussion

In their Motion, Plaintiffs seek leave to file a First Amended Complaint ("FAC"), which adds Anderson as a defendant. Plaintiffs also allege a new cause of action for negligent repair against Anderson, and Plaintiffs' fifth cause of action for breach of the implied warranty of merchantability is now alleged against Mack Trucks and Anderson. In addition, Plaintiffs seek to remand this action to Los Angeles County Superior Court because Anderson, as a California citizen, is a non-diverse defendant that divests this Court of diversity jurisdiction. In its Opposition, Mack Trucks argues that Anderson is a sham defendant because a claim for breach of implied warranty of merchantability cannot be alleged against Anderson as a matter of law and the claim against Anderson for negligent repair is barred by the economic loss rule. Mack Trucks also argues that it will be prejudiced by the addition of Anderson because the hearing for Mack Trucks' Motion to Dismiss Under Rule 12(c) is set for the same day as the hearing on Plaintiffs' Combined Motion for Leave to Amend and Motion to Remand to Los Angeles County Superior Court, and because the addition of Anderson is likely to confuse the factual issues in the claims against Makc Trucks.

After considering all of the relevant factors, the Court grants Plaintiffs' Combined Motion for Leave to Amend and Motion to Remand to Los Angeles County Superior Court. Plaintiffs' claims against Anderson arise out of the same defective Vehicle, and resolution of Plaintiffs' claims against Anderson will require many of the same documents and witnesses and will implicate many of the same factual and legal issues that are present in Plaintiffs' claims against Mack Trucks. In addition, if Plaintiffs are prevented from adding Anderson as a defendant in this action, they will be forced to litigate separate and redundant actions. *Verrell v. ROC AZ Villa Antigqua LLC*, 2014 WL 3556359, at *3 (D. Ariz. July 18, 2014) (holding that where "the claims against the sought parties arise out of the same factual circumstances, it is to the economic benefit of all parties, and the judicial system, to have the entire controversy adjudicated only once"). Moreover, Plaintiffs have not delayed in seeking to join Anderson as a defendant and remand this action. Indeed, Plaintiffs filed their motion approximately six weeks – forty-four days – after Mack Trucks filed its Notice of Removal.

In addition, although Mack Trucks argues that Plaintiffs have failed to allege a valid cause of action against Anderson, "'the [c]ourt need only determine whether the claim **seems valid**' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Stout v. International Business Machines Corporation*, 2016 WL 4528958 (C.D. Cal. Aug. 30, 2016) (*quoting Freeman v. Cardinal Health Pharm. Servs., LLC*, 2015 WL 2006183, *3 (E.D. Cal. 2015)) (emphasis added). In this case, the Court concludes that Plaintiffs have adequately pled a claim for negligent repair against Anderson, which weighs in favor of allowing Plaintiffs to join Anderson as a defendant and remanding this action. *See, e.g., Carrillo v. FCA US LLC*, 2020 WL 2097743 (C.D. Cal. May 1, 2020) (granting motion to remand and concluding that, despite FCA's argument that the plaintiffs' negligent repair claim against Moss was barred by the economic loss rule, "the Plaintiffs could plausibly [amend their complaint to] allege a negligent repair claim against Defendant Moss, [and, as a result,] the joinder of Defendant Moss was not fraudulent and therefore there is not complete diversity"); *Gorelick v. FCA US LLC*, 2019 WL 2123570, at *2 (C.D. Cal. May 15, 2019) (rejecting arguments of fraudulent joinder and holding "although Defendant FCA argues Plaintiffs 'fall short' in stating their claim for negligent repair, nothing precludes Plaintiffs from amending their complaint with additional relevant facts"); *see also Negrete v. Meadowbrook Meat Co.*, 2012 WL 254039, *7-8 (C.D. Cal. 2012) (finding the defendants had failed

to show there was "no possibility" that plaintiff could state a claim against the proposed defendant) (emphasis omitted); *Ruscigno v. Hillstone Rest. Grp., Inc.*, 2010 WL 934265, *3 (N.D. Cal. 2010) (finding that the apparent validity of one claim favors joinder and remand even when the other claims may not be valid); *Khoshnood v. Bank of Am.*, 2012 WL 751919, *7 (C.D. Cal. 2012) (declining to analyze the validity of other claims after the court found the existence of one valid claim). Because Plaintiffs have adequately alleged a claim against Anderson, the Court concludes that Plaintiffs are not seeking to amend their Complaint solely to defeat the Court's jurisdiction. *See Sandhu v. Volvo Cars of North America, LLC*, 2017 WL 403495 (N.D. Cal. Jan. 31, 2017) (holding that there was no apparent intent to defeat jurisdiction because of plaintiff's "seemingly valid claim").

## IV.  Conclusion

For all the foregoing reasons, Plaintiffs' Combined Motion for Leave to Amend and Motion to Remand to Los Angeles County Superior Court is **GRANTED**, and Mack Trucks' Motion to Dismiss Under Rule 12(c) is **DENIED without prejudice** to re-fiing in Los Angeles County Superior Court. Specifically, Plaintiffs are given leave to file a First Amended Complaint to add Anderson as a defendant. Plaintiffs shall file their First Amended Complaint on or before October 9, 2024. Once the First Amended Complaint is filed, because Anderson and Plaintiffs are all California citizens, the Court will no longer have diversity jurisdiction over this matter. Accordingly, this action will be **REMANDED** to Los Angeles County Superior Court upon the filing of the First Amended Complaint.

IT IS SO ORDERED.